

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00012-CR

_____

CONCERY LEE RICHARDSON
A/K/A CONCEREY LEE RICHARDSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2012-F-00139

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

I.    **Background**

On March 27, 2012, Reuben Ed Newton, II, a jailer with the Cass County Sheriff's Department, transported Concery Lee Richardson[1] to the emergency room of Good Shepherd Hospital in Linden, Cass County, Texas, because Richardson was complaining of chest pains. Richardson was examined, treated with various medications, and released from the hospital. He was still handcuffed and wearing leg shackles when Newton escorted him through the hospital parking lot, back to the vehicle. When the pair reached the vehicle and Newton attempted to put Richardson inside, Richardson slipped out of his handcuffs and began struggling with Newton. Several witnesses saw the altercation and testified that Richardson was trying to get away from Newton and was kicking, kneeing, and elbowing him. Newton was eventually able to regain control of Richardson, re-handcuff him, and place him in the vehicle.

Richardson was charged with assault on a public servant, a third degree felony, and he pled not guilty. After a jury trial, Richardson was found guilty and sentenced to fifty years' confinement.[2]

Richardson contends that the evidence is legally insufficient to support the verdict.[3] We find the evidence is sufficient and affirm the trial court's judgment.

---

[1]Richardson is also known as Concerey Lee Richardson.

[2]The punishment range was enhanced due to prior felony convictions.

[3]Richardson also argues that there is factually insufficient evidence to support the conviction. In *Brooks v. State*, 323 S.W.3d 893, 894–95, 912–13 (Tex. Crim. App. 2010) (4–1–4 decision), a plurality of the Texas Court of Criminal Appeals abolished the factual sufficiency review established by *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its progeny. The *Jackson v. Virginia*, 443 U.S. 307 (1979), legal sufficiency standard is the

2

## II.      Sufficiency of the Evidence—Bodily Injury

Richardson contends that the evidence is legally insufficient to show that Newton suffered bodily injury as a result of the incident.[4]

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 912 (citing *Jackson*, 443 U.S. at 319); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).  We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's

---

only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894–95, 912–13.  Since the Texas Court of Criminal Appeals has abolished factual sufficiency review, we will review only Richardson's challenge to the legal sufficiency of the evidence.

[4]Specifically, Richardson argues that the evidence is insufficient to show "serious bodily injury."  However, under the Texas Penal Code, the State need only prove "bodily injury," rather than "serious bodily injury."  TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West 2011).

theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

The elements of assault on a public servant require proof beyond a reasonable doubt that Richardson (1) intentionally, knowingly, or recklessly (2) caused bodily injury to Newton (3) while knowing Newton was a public servant and (4) that Newton was lawfully discharging an official duty at the time of the assault. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1). Richardson only challenges the element of "bodily injury," and, therefore, we do not address the other elements of the offense.

"Bodily injury" is defined in the Texas Penal Code as "physical pain, illness, or any impairment of physical condition." *See* TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2012).

Newton testified that when he attempted to physically place Richardson back inside the transport vehicle, Richardson "raised up, kneed [him], kicked [him], and started fighting [him]." According to Newton, Richardson hit him with his hands, kicked him with his feet, and shoved him. Newton testified that he was struck in the stomach area, in his legs, across the back of his neck, and on his arms. Newton testified that the injuries caused pain and soreness, but that he was not bleeding and did not require medical treatment, bandages, or medications. There is no evidence that Newton missed any work due to his injuries.

Eric Lee, a sergeant with the Cass County Sheriff's Department, testified that he was dispatched to the Cass County Jail on March 27, 2012, to meet with Newton regarding Richardson's attempted escape and assault on Newton. Lee photographed Newton's injuries,

4

and the photographs showed that "[h]e had some bruising on his sides, redness to his shoulder[, and] . . . a scrape to his hand."

Viewing Newton's testimony and Lee's photographs in the light most favorable to the jury's verdict, we find that a rational jury could have found beyond a reasonable doubt that Richardson caused Newton bodily injury. Therefore, we overrule this point of error.

We affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted:      August 14, 2013
Date Decided:       August 28, 2013

Do Not Publish